UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION | ) | |
| LABORERS WELFARE FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-1257-CEJ |
| | ) | |
| HOLLIS RIGGINS CONSTRUCTION, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting [Doc. #6] following an entry of default against defendant Hollis Riggins Construction, LTD (Hollis Riggins). Service was achieved on defendant on August 4, 2016. Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., defendant was required to file an answer or other responsive pleading within twenty-one days of being served with the complaint. Because defendant failed to do so, the Clerk of Court entered default against it on October 3, 2016.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42 and 110 of the Laborers International Union of North America (the Union). Defendant Hollis Riggins is an employer in an industry affecting commerce within the meaning

of the LMRA and ERISA.  According to the complaint, defendant was bound by the provisions of two collective bargaining agreements with the plaintiff employee benefit plans.  According to plaintiffs, defendant failed to make timely and full contributions to the plans as required under the terms of the collective bargaining agreement.  Plaintiffs move for an order to compel defendant to submit to an audit for the period of November 1, 2013, to the present.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment.  In the present case, plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of defendant's books and records for the period from November 1, 2013, through the present.  The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, plaintiffs' motion will be granted.

* * * * *

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. #6] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **November 21, 2016**, defendant Hollis Riggins Construction, LTD., shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Hollis Riggins Construction, LTD., for the period beginning November 1, 2013, through the present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Hollis Riggins Construction, LTD., at the following address:

Hollis Riggins Construction, LTD.
818 Lafayette Avenue
St. Louis, MO 63104

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2016.